**JIANG YING OU, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–4477–ag.

United States Court of Appeals, Second Circuit.

April 14, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Jiang Ying Ou, pro se, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Jiang Ying Ou, a native and citizen of the People's Republic of China, seeks review of an August 15, 2008, order of the BIA, affirming the July 19, 2006, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Ying Ou,* No. A98 560 095 (B.I.A. Aug 15, 2008), *aff'g* No. A98 560 095 (Immig. Ct. N.Y. City July 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"[When] the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, [this Court] review[s] both the BIA's and IJ's opinions—or more precisely, [the Court] review[s] the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165 (2d Cir.2008). We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 167. For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her

statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's adverse credibility determination. Indeed, the IJ reasonably relied on the inconsistency between Ou's testimony on direct examination that she had been raped twice and her testimony on cross-examination that she had been raped on five or six occasions. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Furthermore, the IJ reasonably declined to credit Ou's explanation that she had testified on direct that she had been raped "quite a few times," where a review of the record reveals that she clearly indicated on direct that the second occasion she was raped was the last time she had seen her attacker. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). In finding Ou not credible, the IJ also reasonably relied on her inconsistent testimony regarding the chronology of the events preceding her departure from China. *See Biao Yang v. Gonzales*, 496 F.3d 268, 272 (2d Cir.2007).

Ultimately, because a reasonable factfinder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. Thus, the agency properly denied Ou's application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, the pending motion for a stay of removal in this petition is DENIED as moot.